**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOAN NATALE and RICHARD NATALE,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>WAL-MART STORES, INC.,<br><br>　　Defendant. | CIVIL ACTION NO. 3:15-CV-0440<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM ORDER**

Presently before the Court is a Complaint (Doc. 1) filed by Plaintiffs Joan and Richard Natale on March 4, 2015. Plaintiffs assert that the Court's basis for subject matter jurisdiction is diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1). (*Id.,* ¶ 1.) Because the Complaint fails to establish that the parties have diverse citizenship, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

### **I. Analysis**

The Complaint does not adequately state diversity of citizenship, as it fails to properly identify the state of citizenship of Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). 28 U.S.C. § 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v.*

*Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

Plaintiffs' Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of Defendant Wal-Mart, a corporation. A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Here, the Complaint only includes where Defendant Wal-Mart has "a principal place of business." (Doc. 1, ¶ 4.) To properly plead diverse citizenship, Plaintiffs must allege Wal-Mart's singular principal place of business.

## II. Conclusion

As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiffs will be given twenty-one (21) days to amend the complaint to show that diversity jurisdiction exists. Failure to do so will result in this action being dismissed.

**NOW**, this 18th day of March, 2015, **IT IS HEREBY ORDERED** that Plaintiffs Joan and Richard Natale are given leave to file an amended complaint within twenty-one (21) days from the date of entry of this order to address the identified defects. If Plaintiffs fail to do so, the action will be dismissed.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge